IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41570
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN CRAIG HALLSTEAD, also known as
Craig Hallsted,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-41-1
- - - - - - - - - -

July 6, 1999

Before JOLLY, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

Steven Craig Hallstead pleaded guilty to conspiracy to commit a theft of trade secrets of Intel Corporation. He challenges the district court's increase of his offense level by Intel's research and development costs to produce the product which Hallstead sought to sell to Intel's competitor before the product was to be put on the open market. Hallstead contends that the fair market value of the product (the price Intel intended to sell the product when sold to its customers several

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months after Hallstead attempted to sell it) was ascertainable and that the district court clearly erred by not using the fair market value when calculating Hallstead's sentence.  He also argues that the evidence did not sufficiently support the district court's valuation of the research and development costs for the product and that the amount determined by the district court was clearly erroneous.

The district court's calculation of the amount of the loss involved in the offense is a factual finding, and we review it for clear error.  United States v. Wimbish, 980 F.2d 312, 313 (5th Cir. 1992).  Our review of the record reveals that there was no market for the product Hallstead sought to sell at the time of the offense, and the district court did not err, clearly or otherwise, in not using a fair market value to calculate the loss involved in the offense.  See U.S.S.G. § 2B1.1, comment. (n.2). The record further reveals that there was sufficient evidence supporting, and the district court did not clearly err with respect to, the amount determined as Intel's research and development costs for the product involved in Hallstead's offense.

The judgment of the district court is AFFIRMED.

The Government's motion to limit disclosure of confidential information of Intel in any published opinion is GRANTED.